# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIGUEL CARTAGENA-MIRANDA,
JERONIS MONTERO,
JAVIER CARTAGENA-COLON, and
LEONARDO PEREZ,

Defendants.

Case No. 25-CR-124-JPS

**ORDER**

On April 10, 2026, the Court granted the Government's motion for a preliminary order of forfeiture of Jeronis Montero's interest in certain property listed in the Information. ECF No. 85. On April 16, 2026, the Court granted the Government's motion for a preliminary order of forfeiture of Leonardo Perez's interest in certain property listed in the Information. ECF No. 89. That same day, the Court also granted the Government's motion for a preliminary order of forfeiture of Miguel Cartagena-Miranda's interest in certain property listed in the Information. ECF No. 91.

The Government did not move for a preliminary order of forfeiture as to Javier Cartagena-Colon's interest in certain property listed in the Information. ECF No. 77 (forfeiture notice in Information).

The Government now seeks to convert the preliminary orders into a final order pursuant to 18 U.S.C. § 853. ECF No. 119.

The Supreme Court has directed that "a district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of

the power to order forfeiture." *McIntosh v. United States*, 601 U.S. 330, 338 (2024).

> Rule 32.2 builds in flexibility about the timing of a preliminary rule, when it states that "[u]nless doing so is impractical, the court *must enter the preliminary order sufficiently in advance of sentencing* to allow the parties to suggest revisions or modifications before the order becomes final *as to the defendant* under Rule 32.2(b)(4)." Rule 32.2(b)(2)(B). The rule is also flexible about when the preliminary order becomes final—either at sentencing "or earlier if the defendant consents." Rule 32.2(b)(4)(A). We note as well that *the rule does not say, in so many words, that there can never be a final forfeiture order without a predicate preliminary order*, and we are not inclined to add such language by judicial fiat.

*United States v. Lee*, 77 F.4th 565, 582 (7th Cir. 2023) (emphasis added); *accord McIntosh*, 601 U.S. at 344. Rule 32.2's preliminary order "requirement" is a time-related directive that "should be followed," but the court may still take action "[i]f the missed deadline has not caused prejudice to either party and the purposes of the preliminary order have been fulfilled . . . ." *Lee*, 77 F.4th at 582.

Here, the Information and preliminary orders of forfeiture as to his co-defendants provided Cartagena-Colon with notice that the government was seeking forfeiture (Rule 32.2(a)); the Government seeks only financial gains (Rule 32.2(b)(1)(A)); the record reflects the amount of forfeiture the government seeks (Rule 32.2(b)(2)(A)); no third party—including Cartagena-Colon—identified an interest in the property (Rule 32.2(b)(2)(A)); and the Court provided ample time to both sides before including a specific amount of forfeiture in the judgment. *See id.* at 584.

Accordingly,

**IT IS ORDERED** that the Government's motion for entry of final order of forfeiture and judgment, ECF No. 119, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that, pursuant to 21 U.S.C. § 853, all right, title, and interest in the following be and the same hereby is forfeited to the United States, which now has clear title to the property items and may dispose of the items according to law:

1. Approximately $5,740 in U.S. currency seized from 2XX East Clarke Street, Milwaukee, Wisconsin;

2. Approximately $23,640 in U.S. currency seized from 65XX West Wisconsin Avenue, Wauwatosa, Wisconsin; and

3. Approximately $8,725 in U.S. currency seized from 28XX South 33rd Street, Milwaukee, Wisconsin.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge